# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO MARINO JIMENEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>GREGORY JOHN ARCHAMBEAULT, San Diego Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General, U.S. Department of Justice; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW (EOIR); DAREN K. MARGOLIN, Director, EOIR; and OTAY MESA IMMIGRATION COURT,<br><br>Respondents. | Case No.:  25-cv-03029-DMS-BLM<br><br>**ORDER GRANTING PETITIONER'S HABEAS CORPUS PETITION** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a return to the Petition, (Return, ECF No. 4), and Petitioner filed a reply, (Reply, ECF No. 6). After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants the Petition.

## I.   BACKGROUND

Petitioner, a native and citizen of Guatemala, entered the United States without inspection on or about September 5, 2005, and currently resides in California. (Pet. ¶¶ 2, 15). On or around May 27, 2025, Immigration and Customs Enforcement agents arrested Petitioner. (*Id.* ¶ 3). Petitioner has since been detained at Otay Mesa Detention Center. (*Id.*). He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and in removal proceedings pursuant to 8 U.S.C. § 1229a. (Return 1).

On July 11, 2025, an immigration judge ("IJ") granted Petitioner bond in the amount of $2,500 under 8 U.S.C. § 1226(a). (Pet. ¶ 4). On July 24, 2025, the Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 5). On October 14, 2025, the BIA granted DHS's appeal and vacated the IJ's bond order. (*Id.*). The BIA determined that Petitioner was ineligible for a bond hearing per its recent decisions: *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶¶ 4, 5). Petitioner argues that he was properly provided a bond hearing and granted release pursuant to § 1226(a), and his continued detention is therefore unlawful. (*Id.* ¶ 6). Respondents maintain that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2). (Return 1).

The Petition asserts that Petitioner's detention violates § 1226(a) and the Administrative Procedure Act ("APA"). (Pet. 27–31). Petitioner requests (1) a writ of habeas corpus ordering the immediate release of Petitioner or, alternatively, ordering the

reinstatement of the $2,500 bond previously granted by the IJ on July 11, 2025; (2) declarative relief that his detention violates § 1226(a), the APA, and the Fifth Amendment's Due Process Clause; and (3) an order enjoining Respondents from further detaining Petitioner without providing a lawful and individualized custody determination. (*Id.*, Prayer for Relief, ¶¶ 2–6).

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a).  A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States.  *Id.* § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.    DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Return 5–8).  The Court has previously considered and rejected this argument.  *See Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP (S.D. Cal. Oct. 30, 2025).  Based on the reasoning of those cases, the Court again rejects this argument.[1]

### B. Merits—Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful. (Pet. ¶ 5).  Petitioner contends that he instead falls under § 1226(a)'s discretionary detention framework (under which the IJ granted Petitioner release on a $2,500 bond).  (*Id.* ¶¶ 6, 8).  Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (Return 1).  The Court agrees with Petitioner.

---

[1] Petitioner argues that "administrative exhaustion would be futile."  (Pet. ¶ 54).  Because Respondents do not oppose this assertion, the Court does not, and need not, address exhaustion.

25-cv-03029-DMS-BLM

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Return 11). However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. Larose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. (Pet. ¶ 46). Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL 2549431, at *6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been*

implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)). Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[2]

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition.  This Court hereby **ORDERS** Respondents to release Petitioner from custody within 48 hours of this Order's filing, pursuant to the bond order issued by the IJ on July 11, 2025.  The parties are **ORDERED** to file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner's release.  Further, the Court **ORDERS** that Respondents are enjoined from re-detaining Petitioner during the pendency of his removal proceedings without prior leave of this Court.  28 U.S.C. § 1651.

**IT IS SO ORDERED.**

Dated:  November 13, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[2] In light of this determination, the Court declines to address Petitioner's arguments concerning the APA and the Fifth Amendment's Due Process Clause.

5